UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14239-CIV-GRAHAM/LYNCH

LNV CORP.

    Plaintiff,

v.

GEORGE A. MAIB, ROBYN E. MAIB, AND
WILLIAM J. WOODY SR. FAMILY TRUST,

    Defendants.
_____/

FILED by _____ D.C.

AUG 2 6 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT OF FORECLOSURE, AWARD OF ATTORNEYS' FEES, AND ORDER OF SALE (DE 57)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 60) and the above Motion. Having reviewed the Motion and the accompanying Affidavits regarding attorney fees, costs, and expenses (DE 58 & 59), noting that no Response was filed, this Court recommends as follows:

1.    The Plaintiff prevailed on its claims of breach of promissory note and foreclosure of real and personal property. The Plaintiff now moves for entry of final judgment. This Court reviews the terms of the Plaintiff's proposed final judgment below.

2.    The Plaintiff seeks damages in the amount of $3,224,252 representing the principal loan amount of $2,696,316.90 plus interest. Citing the fee shifting provisions of the promissory

note, the Plaintiff also seeks $134,986.50 in attorney fees and $4,173.85 in expenses and costs. As noted above, the Defendants have not objected to the Plaintiff's Motion and hence these figures. Indeed the Defendants reportedly did not even respond to the Plaintiff's pre-filing inquiries. The Defendants have not responded despite having amble time to do so, and despite the fact that they have appealed the underlying summary judgment order. Consequently this Court finds that these requests should be granted as a matter of default. This Court makes no finding regarding the reasonableness of the fee or expense/cost requests.

3.   The Defendants likewise leave the Plaintiff's request for post-judgment interest on the monetary award — which totals $3,363,412.35 — unchallenged. This Court finds that pursuant to 28 U.S.C. § 1961, the Plaintiff is entitled to post-judgment interest thereon. That interest rate currently is .25%.

4.   Next the Plaintiff seeks inclusion of two terms in the final judgment order that give the Plaintiff superior claim to the foreclosed property (the loan collateral). This Court notes that the District Court found no "material dispute as to the priority of interests in the real property at issue in this action." This finding resolved the priority dispute between the Plaintiff and the Defendants. However the terms that the Plaintiff seeks to interject into the final judgment improperly expands the District Court's finding and purports to create a

superior lien against all others. The record does not support the inclusion of such a broad term.

5.   Lastly the Plaintiff's proposed final judgment compels the U.S. Marshal to conduct a public sale of the foreclosed property. The proposed instructions should not be included in the final judgment order. Rather the final judgment should be limited to the terms of relief, and thereafter the Plaintiff should direct any post-final judgment pleadings for execution to the Clerk of Court or to the U.S. Marshal, as is appropriate.

**ACCORDINGLY**, this Court recommends to the District Court that the Plaintiff's Motion for Entry of Final Judgment of Foreclosure, Award of Attorneys' Fees, and Order of Sale be **GRANTED, in part**. This Court recommends that the Plaintiff be **AWARDED** a total of $3,363,412.35 in damages, attorney fees, costs, and expenses for which post-judgment interest may accrue. An Order of Sale of the foreclosed property also may be appropriate. However this Court recommends that the Motion be **DENIED** to the extent the Plaintiff's lien is deemed superior to all others and to the extent the Plaintiff seeks inclusion of instructions on how the final judgment is to be executed and how the sale, if appropriate, is to be conducted.

The parties shall have **fourteen (14) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States

District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 26th day of August, 2010.

```
_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE
```

cc:  Hon. Donald L. Graham
     Deborah H. Oliver, Esq.
     Richard H. Levenstein, Esq.
     Stanley D. Klett, Jr., Esq.