UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION
Case No. 2:09-cv-14239-DLG (Graham/Lynch)

LNV CORPORATION,

        Plaintiff,

vs.

GEORGE A. MAIB, an individual,
ROBYN E. MAIB, an individual, and
WILLIAM J. WOODY SR. FAMILY TRUST,

        Defendants.
_____/

### SUMMARY FINAL JUDGMENT OF FORECLOSURE
### INCLUDING AWARD OF ATTORNEYS' FEES AND COSTS

**THIS CAUSE** comes before the Court following the Court's Order granting Plaintiff's Motion to Dismiss Counterclaim and for Summary Judgment (Dkt. 54). It is hereby **ORDERED AND ADJUDGED** that this Court now enters final judgment as follows:

1. This Court has jurisdiction of the subject matter and of the parties in this cause.

2. The Note and Mortgage sued upon by the Plaintiff were properly executed and delivered, and by reason thereof constitute a good, valid and existing first mortgage lien upon the property hereinafter described.

3. An Assignment of Mortgage and Security Agreement was made by Federal Deposit Insurance Corporation as receiver for the Columbian Bank and Trust to and in favor of LNV.

4. The Mortgage sued upon by Plaintiff in this action is a valid mortgage, prior, superior and paramount to the rights, claims, encumbrances and equities of all parties to this cause and of all persons claiming by, through or under them or any of them since the filing of the

Notice of Lis Pendens herein on the following described property in Indian River County, Florida:

> **That part of Government Lot 3, lying West of the Florida East Coast Railroad, in Section 8, Township 31 South, Range 39 East, Indian River County, Florida** (the "Property").

The Mortgage constitutes a valid first lien upon the Property and the Mortgage is in default.

5. There is due and owing to the Plaintiff the following sums under the Note and Mortgage:

| | |
|---|---:|
| Principal | $2,696,316.90 |
| Interest | 527,935.10 |
| **TOTAL** | **$3,224,252.00** |

6. Plaintiff has incurred a total of $4,173.85 in expenses and costs in connection with this action through June 30, 2010 which, after review of the affidavits of record, are taxable pursuant to 28 U.S.C. § 1920 and reasonable.

7. Plaintiff has incurred a total of $134,986.50 in attorney's fees in connection with this action through June 30, 2010 which, after review of the affidavits of record, the Court having found the attorneys' fees incurred in this matter to be reasonable in accordance with specific criteria for determining reasonableness of attorneys' fees as set for in <u>Norman v. Housing Authority of the City of Montgomery</u>, 836 F. 2d 1292 (11th Cir. 1988) and <u>Johnson v. Georgia Highway Express</u>, 488 F. 2d 714 (5th Cir. 1974).

8. The total amount due to Plaintiff from Defendants George A. Maib and Robyn E. Maib, which includes the sums set forth in paragraphs 5 through 7 above is $3,363,412.35.

| | |
|---|---:|
| Principal and Interest | $3,224,252.00 |
| Expenses and Costs | $4,173.85 |
| Reasonable Attorney's Fees | 134,986.50 |
| **TOTAL LIABILITY FOR DEFENDANTS** | **$3,363,412.35** |

9. The total amount referenced in paragraph 8, $3,363,412.35, above shall bear interest from the date of this judgment, at the legal rate of interest prescribed by 28 U.S.C. § 1961, _____%, until paid.

10. Plaintiff holds a lien for the total amount specified in paragraph 8. Plaintiff's lien has priority and is superior in dignity to any right, title, interest or claim of the Defendants and all persons, corporations or other entities claiming by, through or under the Defendants.

11. If the total amount set forth in paragraph 8, $3,363,412.35, above with interest at the legal rate described in paragraph 9, and all costs accrued subsequent to this judgment are not forthwith paid, the United States Marshal for the Southern District of Florida shall sell the Property at public sale, to the highest bidder for cash, except as prescribed in paragraph 13, in accordance with the provisions of 28 U.S.C. §§ 2001, et seq., at the Indian River County Courthouse, Vero Beach, Florida.

12. The United States Marshal, or her duly authorized deputy, is directed to publish a notice of sale, as required by 28 U.S.C. § 2002.

13. If the Plaintiff is the purchaser of the Property, the United States Marshal shall credit the Plaintiff's bid with the total sum set forth in paragraph 8 above, including interest and costs accruing subsequent to this judgment, as necessary to pay the bid in full. The United States Marshal shall not conduct the sale in the absence of the Plaintiff or its representative.

14. Upon receipt of the purchase price bid at the sale, the United States Marshal shall make a report of sale to this Court for confirmation. Upon confirmation of the sale, the United States Marshal shall issue a Marshal's Deed conveying the Property to the purchaser of the Property.

15. From the proceeds arising from the sale of the Property, the United States Marshal shall retain his fees and costs incurred in connection with the sale and shall pay over the remainder of the proceeds into the Registry of the Court. Thereafter, the Clerk of Court shall retain any fees and costs due the Court from this action and shall disburse from the balance of the funds in the Registry of the Court, the amounts here in found due, to the Plaintiff, plus interest at the rate prescribed by law from the date of this judgment to the date of sale, and shall retain any balance remaining, if any, after all the above payments have been paid, pending such further orders as the Court shall deem proper.

16. Upon confirmation of the sale, the Defendants, George A. Maib and Robyn E. Maib and all persons claiming by, through, under or against the Defendants, shall stand forever barred and foreclosed of all right, title, interest or claims of whatever kind or character, in the Property and the purchaser shall be entitled to immediate possession of the Property.

17. The Court retains jurisdiction of this action to enter further orders as are proper, including, without limitation, orders of disbursement of excess proceeds of sale, if any, deficiency judgments and writs of possession.

DONE AND ORDERED in Chambers, in Miami, Florida, this 4th day of October, 2010.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

4